

CLOSED

DATE:
☐ CR: JS3
☒ CV: JS6    5/2/01
BY:            Mmeaa 8

FILED

'01 MAY -1  P 12: 01

CLERK, US DIST. COURT
EASTERN DIST. OF CALIF

BY_____    LK

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER VALLADARES,<br><br>        **Plaintiff,**<br><br>     **v.**<br><br>**INTERNAL REVENUE SERVICE,**<br>**an agency of the United States of America**<br>**RANDY REECE, officially and**<br>**individually, JOLYN VALLADARES,**<br>**individually, and DOES 1-10,**<br><br>        **Defendants.** | **CV F 00 7041 AWI SMS**<br><br>**MEMORANDUM OPINION**<br>**AND ORDER GRANTING**<br>**DEFENDANTS' MOTION TO**<br>**DISMISS**<br><br><br><br>(Documents #10 & #11) |

## PROCEDURAL HISTORY

On November 28, 2000, Plaintiff filed a complaint. The complaint lists eight causes of action concerning the Internal Revenue Service ("IRS") and Defendant Reece's disclosure of Plaintiff's alleged tax liability and Defendant Jolyn Valladares' alleged statements concerning her and Plaintiff's tax liabilities. The first cause of action is for an alleged unauthorized disclosure of information in violation of 26 U.S.C. § 7431. The second cause of action is for an alleged unauthorized collection by the IRS and Reece in violation of 26 U.S.C. § 7433. The third through seventh causes of action allege various violations of criminal statutes, including 26 U.S.C. § 7201, 26 U.S.C. § 7206(2), 26 U.S.C. § 7212(a), 26 U.S.C. 7213(a)(1), and 26 U.S.C. § 7214(a). The eighth cause of action alleges a violation of

26 U.S.C. § 7804(b), which concerns the circumstances of employment for IRS employees.

On February 1, 2001, Defendant Jolyn Valladares filed an answer to the complaint denying all allegations.

On February 5, 2001, Defendant the United States and Defendant Reece filed a motion to dismiss. Defendants contend that an unauthorized collection action under 26 U.S.C. § 7433 is Plaintiff's exclusive remedy. Defendants contend any cause of action under 26 U.S.C. § 7433 for unauthorized collection must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies. Defendants contend any other claims must be dismissed for lack of subject matter jurisdiction because the United States has not waived sovereign immunity. Defendants contend any claim under 26 U.S.C. § 7433 is barred because Plaintiff did not comply with the two year statute of limitations. Defendant Reece contends any claims against him must be dismissed because he was never properly served. Finally, Defendants claim that once the federal Defendants are dismissed, no jurisdictional grounds remain to allow this action to proceed in federal court and the entire action should be dismissed.

Defendants set their motion to dismiss for oral argument to be held on March 26, 2001. Pursuant to Local Rule 78-230(c), Plaintiff's opposition was to be filed no later than March 12, 2001. When Plaintiff did not file an opposition or notice of non-opposition, on March 13, 2001, the court took the matter under submission. As of this date, the court has still not received an opposition from Plaintiff or a request for more time in which to file an opposition.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the

2

1    burden to establish that subject matter jurisdiction is proper.  <u>Kokkonen v. Guardian Life Ins.</u>

2    <u>Co.</u>, 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading

3    sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction

4    over the action.  <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936);

5    Fed. R. Civ. P. 8(a)(1).  When a defendant challenges jurisdiction "facially," all material

6    allegations in the complaint are assumed true, and the question for the court is whether the

7    lack of federal jurisdiction appears from the face of the pleading itself.  <u>Thornhill Publishing</u>

8    <u>Co. v. General Telephone Electronics</u>, 594 F.2d 730, 733 (9th Cir. 1979);  <u>Mortensen v. First</u>

9    <u>Fed. Sav. & Loan Ass'n</u>, 549 F. 2d 884, 891 (3d Cir.1977); <u>Cervantez v. Sullivan</u>, 719 F.

10   Supp. 899, 903 (E.D. Cal.1989), <u>rev'd on other grounds</u>, 963 F. 2d 229 (9th Cir.1992).[1]

11          Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to file a

12   motion to dismiss for insufficiency of service of process.  The plaintiff bears the burden of

13   establishing the validity of the service of process.  <u>See</u>, <u>e.g.</u>, <u>Federal Deposit Ins. Corp. v.</u>

14   <u>Oaklawn Apartments</u>, 959 F.2d 170, 174 (10th Cir. 1992); <u>Norlock v. City of Garland</u>, 768

15   F.2d 654, 656 (5th Cir. 1985);  <u>Bell v. Agents for Int'l Monetary Fund</u>, CV F 95 5730 OWW

16   (SMS), 1995 WL 783675 (E.D. Cal. 1995).

17          A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

18   Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of

19   the claim that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73

20   (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Balistreri v. Pacifica Police</u>

21   <u>Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on

22

23          _____

24   [1] A defendant may also attack the existence of subject matter jurisdiction apart from the
     pleadings.  <u>Mortensen</u>, 549 F. 2d at 891.  In such a case, the court may rely on evidence extrinsic
25   to the pleadings and resolve factual disputes relating to jurisdiction.  <u>St. Clair v. City of Chico</u>,
     880 F. 2d 199, 201 (9th Cir.1989); <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1177 (9th Cir.1987);
26   <u>Augustine v. United States</u>, 704 F.2d 1074, 1077 (9th Cir.1983).  "No presumptive truthfulness
     attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude
27   the trial court from evaluating for itself the merits of jurisdictional claims." <u>Thornhill</u>
     <u>Publishing</u>, 594 F.2d at 733 (quoting <u>Mortensen</u>, 549 F. 2d at 891).

28                                              3

the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).

## ALLEGED FACTS[2]

Plaintiff and Defendant Jolyn Valladares prepared and filed "late" joint income tax returns for the tax years 1987, 1988, 1989, and 1990. Since 1990, Plaintiff and Defendant Jolyn Valladares have not filed joint tax returns. Plaintiff and Defendant Jolyn Valladares were married and living together from 1987 through 1997. On October 31, 1997, Plaintiff and Defendant Jolyn Valladares were legally separated.

At no time did Defendant Jolyn Valladares advise or inform Plaintiff that she had filed her own separate tax returns for the tax years 1990 through 1997. She did not tell Plaintiff that she had changed her filing status for tax years 1990 through 1997, had solely claimed both minor children as dependants, and her filing would be retroactive for tax years 1990 to 1999.

On approximately September 25, 2000, a dispute arose in Plaintiff's and Defendant Jolyn Valladares' family law proceedings in state court. Plaintiff was advised by his attorney to go to the IRS and California Franchise Tax Board regarding his and Defendant Jolyn Valladares' total joint tax liability during the term of their marriage.

On September 25, 2000, Plaintiff went to the IRS District Office in Modesto, California. Plaintiff requested a computer print out of his and Defendant Jolyn Valladares'

---

[2] The facts are those alleged in the complaint.

4

tax liability. Plaintiff received "IRS PO No. 1 - 09/25/00."[3]  From this document, Plaintiff

appeared to be the sole responsible/liable party for tax years 1987 through 1992. For tax

years 1987 through 1990, IRS PO No. 1- 09/25/00 listed a total tax liability of $77,406.45.

For tax years 1987 through 1992, IRS PO No. 1 -09/25/00 listed a tax liability of

$131,451.21. According to Plaintiff, he discovered that false and fraudulent "substituted

returns" for the tax years 1987 through 1992 had been prepared and filed by the IRS on

Plaintiff's behalf. Plaintiff contends that IRS PO No. 1 -09/25/00 contained erroneous, false

and inaccurate information.

Plaintiff was unaware of the false information in IRS PO No. 1 - 09/25/00. However

Plaintiff did recall that in 1998 his employer at Delta Truck Center ("DTC"), in Lathrop

California, had mailed him an IRS notice of levy on wages and other income.  On September

25, 2000, Plaintiff contacted DTC and requested a copy of the 1998 IRS notice of levy.

On September 26, 2000, Plaintiff returned to the IRS office in Modesto California and

requested more specific information. Plaintiff was provided with another more detailed print

out, "IRS PO No. 2 -09/26/00."[4] Plaintiff claims IRS PO No. 2 -09/26/00 contains false and

inaccurate information. Specifically, for the tax years 1987 through 1990 Plaintiff is listed as

having "No spouse, one dependent (self), no other deductions."

On September 28, 2000, Plaintiff received from DTC a copy of the IRS notice of levy

dated August 7, 1998 ("IRS Notice of Intent -08/07/98"). Plaintiff claims IRS Notice of

Intent -08/07/98 is fraudulent and contains false information. Specifically, Plaintiff is named

as the sole responsible/liable party and Plaintiff's identification number is incorrectly listed

as 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. Plaintiff's tax identification number is 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 and Defendant Jolyn

Valladares' number is 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. For tax years 1987 through 1990, IRS Notice of Intent -

08/07/98 listed a total tax liability of $64,748.09. For tax years 1987 through 1992 it listed a

---

[3]  This print out is attached as Exhibit A to the complaint.

[4]  This print out is attached as Exhibit B to the complaint.

5

tax liability of $108,446.67.

On October 7, 2000, Plaintiff received "IRS PO No. 3 -10/05/00" in the mail.[5] Plaintiff contends IRS PO No. 3 -10/05/00 contains erroneous, false, and inaccurate information which varies from IRS PO No. 2 -09/26/00. IRS PO No. 3 -10/05/00 indicates that Plaintiff and Defendant Jolyn Valladares are joint filers and jointly responsible and/or liable for the tax liability or indebtedness. The total tax liability accrued for 1987 through 1990 is $76,605.85.

On October 25, 2000, Plaintiff received an IRS notice of intent to levy ("IRS Notice of Intent -10/23/00").[6] Plaintiff claims IRS Notice of Intent -10/23/00 contains erroneous, false and inaccurate information and contradicts IRS Notice of Intent -08/07/98. Plaintiff and Defendant Jolyn Valladares are listed as married filing jointly and the total tax liability accrued for 1987 through 1990 is listed as $76,898.74.

In the complaint, Plaintiff claims that on August 25, 1999, Jolyn Valladares listed false information in her "Petition for Dissolution of Marriage." Specifically, on page two, item five of the declaration regarding community assets and debts as currently known, Defendant Jolyn Valladares listed there were no such assets or debts subject to disposition. In her "Income and Expense Declaration," Jolyn Valladares listed federal income tax as $0.00. In her "Schedule of Assets and Debts," Jolyn Valladares stated under the section entitled taxes that Plaintiff had tried several different businesses and never filed taxes. In the section entitled separate property, she stated that Plaintiff owed $100,000.00 in taxes. Plaintiff claims Defendant Jolyn Valladares improperly did not accept responsibility for the tax liability. Plaintiff claims Defendant Reece or another IRS agent wrongfully disclosed Plaintiff's purported tax liability or indebtedness to Defendant Jolyn Valladares.

On October 23, 2000, Plaintiff served Defendant Jolyn Valladares with a subpoena

---

[5] This print out is attached as Exhibit D to the complaint.

[6] This document is attached as Exhibit E to the complaint.

for tax information and business records from 1987 through 1991. Defendant Jolyn

Valladares provided a record of account from the IRS for 1990 through 1999. Plaintiff

claims Defendant Jolyn Valladares did not comply with the subpoena, did not provide all

documents, created a false identify by calling herself Jolyn C. Munoz Valladares from 1990

through 1994, and improperly denied any tax liability for 1987 through 1990.

Plaintiff has learned of at least two other incidents of unlawful disclosure of false

information. Plaintiff claims false information about his tax liabilities was given to the

Stanislaus County Recorder and various credit reporting agencies.

Based on the above, Plaintiff claims he has made a prima facie case that Defendants'

knowingly, willfully, and unlawfully made false, and/or misleading statements, and/or

produced inaccurate, false and fabricated tax return and/or assessment information, including

reports generated by the IRS, against Plaintiff. Defendant Jolyn Valladares made false and

fraudulent statements to the IRS and the IRS relied on these statements.

## DISCUSSION

### A. First Cause of Action For an Alleged Violation of 26 U.S.C. § 7431

Plaintiff's first cause of action is brought under 26 U.S.C. § 7431.

1. Defendants United States and Reece

Section 7431(a) provides a civil cause of action "[i]f any officer or employee of the

United States knowingly, or by reason of negligence, inspects or discloses any return or

return information with respect to a taxpayer in violation of any provision of section 6103 . . .

." Section 6103 requires that tax returns and return information be kept confidential unless

specifically described exceptions are met.

Defendants contend that Plaintiff's first cause of action, seeking relief under section

7431, is barred because section 7433 provides the exclusive remedy for such alleged

unauthorized disclosures. Section 7433 provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer,
> any officer or employee of the Internal Revenue Service recklessly or

7

1
2
3

intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

4   Defendants claim that section 7433 provides Plaintiff with his exclusive remedy, and

5   Plaintiff's claim under section 7431 is barred.  Defendants rely on Shwarz v. United States,

6   234 F.3d 428 (9th Cir. 2000).

7        In Shwarz, two taxpayers and the corporation they owned brought suit against the

8   United States, the IRS, and two IRS agents for, among other claims, unauthorized disclosures

9   under 26 U.S.C. §§ 6301 and 7431 and unauthorized collection under 26 U.S.C. § 7433.

10   Shwarz, 234 F.3d at 430.  The Ninth Circuit reviewed the relationship between section 7431

11   and section 7433.  See id. at 432.  The Ninth Circuit stated that section 7433 provides a

12   remedy for a violation of section 6130 because it provides a cause of action for a violation of

13   any provision under the title.  Id.  The Ninth Circuit then recognized that section 7433 states

14   that it provides the "exclusive remedy for recovering damages resulting from such actions."

15   Id. (quoting section 7433).  As such, the Ninth Circuit determined that the plain language of

16   section 7433 supports the conclusion that it precludes a private cause of action under 7431

17   for unauthorized disclosures during collection proceedings.  Id. at 432-33.  The Ninth Circuit

18   found that section "7431 actions can still be brought for improper disclosures that do not

19   occur in connection with tax collection (e.g., disclosures that occur in connection with the

20   determination of tax liability)."  Id. at 433.  However, the Ninth Circuit concluded that "a suit

21   for improper disclosures that occur in the course of collection activity must proceed under §

22   7433, not under § 7431."  Id.

23        This case concerns alleged disclosures by the IRS and Agent Reece to DTA, the

24   Stanislaus County Recorder, and various credit reporting agencies.  The alleged disclosures

25   were made as part of the IRS's attempt to collect taxes allegedly owed by Plaintiff.

26   Plaintiff's claim falls under section 7433 for unauthorized disclosure during collection

27

28

8

proceedings.  Under Shwarz, Plaintiff's section 7431 claim is precluded.  Thus, Defendants

motion to dismiss must be granted and the first cause of action dismissed as to Defendants

United States and Reece.

2.  Defendant Jolyn Valladares

In their motion to dismiss, Defendants United States and Reece state that the cause of

action under section 7431 is raised only against them.  However, this cause of action is listed

as to all defendants.  Section 7431(a)(2) states:

> Inspection or disclosure by a person who is not an employee of United
> States.--If any person who is not an officer or employee of the United States
> knowingly, or by reason of negligence, inspects or discloses any return or
> return information with respect to a taxpayer in violation of any provision of
> section 6103, such taxpayer may bring a civil action for damages against such
> person in a district court of the United States.

26 U.S.C. § 7431(a)(2).  Thus, it is possible to maintain a cause of action under section 7431

against a non-United States employee.  And, unlike with federal defendants, a claim under

section 7431 would not be trumped by a claim under section 7433 because section 7433 does

not apply to persons not employed by the United States.

While it is possible to raise a claim against a non-United States employee under

section 7431, after reading the complaint, it does not appear Plaintiff is attempting to raise a

claim under section 7431 against Defendant Jolyn Valladares.  Plaintiff's allegations as to

Defendant Jolyn Valladares are that she provided false information to the IRS, the state court,

and possibly other entities which resulted in Plaintiff being found responsible for the entire

tax liability from 1987 through 1990.  Such claims fall outside of section 7431(a)(2).  Section

7431(a)(2) concerns disclosing confidential return information, not providing false

information to the IRS, state court, or other entities.  As such, the allegations in the complaint

do not set forth a prima facia case against Defendant Jolyn Valladares for a violation of

section 7431(a)(2).

**B.  Second Cause of Action For an Alleged Violation of 26 U.S.C. § 7433**

Plaintiff's second cause of action is brought under 26 U.S.C. § 7433 and alleges

9

unauthorized disclosures. Defendants IRS and Reece contend that any claim under section 7433 is barred because Plaintiff has not exhausted his administrative remedies. In the alternative, Defendants contend Plaintiff's claim under section 7433 is barred by the two year statute of limitations.

1. Exhaustion

The United States is generally immune from suit, but Congress can waive immunity by enacting legislation that limits immunity in certain circumstances. See, e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). The IRS, as an agency of the United States, is also entitled to immunity unless Congress has specifically authorized a suit. See Blackmar v. Buerre, 342 U.S. 512, 515 (1952). This cause of action arises under section 7433, which Defendants acknowledge constitutes a limited waiver of the United States' immunity from civil suit.

Section 7433 provides specific restrictions on the instances in which the United States will waive its immunity. Specifically, a taxpayer must have exhausted all available administrative remedies within the IRS before he can bring a suit under section 7433. 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(a) (also cited as Treas. Reg. § 301.7433-1(a)). Title 26 C.F.R. § 301.7433-1(e) (Treasury Regulation § 301.7433-1(e)) provides the information that must be included in an administrative claim. No action can be filed in federal court until a decision is rendered by the agency, six months have passed since the filing of the administrative claim, or the administrative claim has been filed and less than six months remain in the statute of limitations. 26 C.F.R. § 301.7433-1(d) (also cited as Treas. Reg. § 301.7433-1(d)).

In this case, the complaint fails to provide any assertion that Plaintiff has exhausted his administrative remedies. Plaintiff cannot proceed in his action under section 7433 until Plaintiff exhausts administrative remedies within the IRS. See Venen v. United States, 38

10

1   F.3d 100, 103 (3rd Cir. 1994); Information Resources, Inc. v. United States, 950 F.2d 1122,

2   1125 (5th Cir. 1992).  Because Congress has specifically limited the waiver of the United

3   States' immunity to those cases where the plaintiff has exhausted administrative remedies

4   within the IRS under section 7433, this court is deprived of subject matter jurisdiction over

5   Plaintiff's claim under section 7433.[7]

6   2.  Limitation Period

7       Defendants also contend that Plaintiff's section 7433 claim must be dismissed

8   because Plaintiff did not file this action within the applicable two year statute of limitations.

9   In the complaint, Plaintiff alleges that on August 7, 1998, DTC, Plaintiff's employer,

10  received an IRS levy.  After DTC received the levy, Plaintiff's supervisor verbally informed

11  him about the levy and that the IRS would take approximately 80% of his wages, leaving him

12  with $200.00 out of $1,500.00 per two week pay period.  Plaintiff told his supervisor that he

13  was going to take time off for personal business and did not return to work except to pick up

14  his last paycheck.  This action is based, in part, on the alleged false information in the levy.

15      Section 7433(d)(3) states that an action under section 7433 "may be brought only

16  within 2 years after the date the right of action accrues."   A cause of action "accrues when

17  the taxpayer has had a reasonable opportunity to discover all essential elements of a possible

18  cause of action."  26 C.F.R. § 301.7433-1(g)(2).  While the complaint states Plaintiff did not

19  receive a copy of the levy until October 2000, in the complaint Plaintiff admits he was on

20  notice that the IRS had disclosed allegedly false information to DTC as of August 1998.

21  Because Plaintiff was aware of an 80% levy in August 1998, he was on notice there was a

22  problem and should have attempted to discover the facts that are the basis of this suit.    Thus,

23  Plaintiff's claims for the allegedly false information given to DTC are barred by the two year

24  limitation period.

25

26      [7] To the extent Plaintiff attempts to raise a claim under section 7433 against Defendant
    Jolyn Valladares, section 7433 does not authorize relief.  Section 7433 applies only to "any
27  officer or employee of the Internal Revenue Service."

The complaint makes no such concessions as to the allegedly false information given to the Stanislaus County Recorder and credit reporting agencies.  From the complaint, it appears Plaintiff did not know about the disclosure of this allegedly false information until the end of 2000.  Thus, Plaintiff's claims for unauthorized collection under section 7433 for the information given to the Stanislaus County Recorder and credit reporting agencies are not barred by the limitation period.  However, as discussed above, these claims are barred because Plaintiff has not exhausted his administrative remedies.

**C. Third Through Seventh Causes of Action, Brought Under Criminal Statutes**

Plaintiff's third through seventh causes of action allege violations of various criminal statutes.  Title 26 U.S.C. § 7201 makes it unlawful to attempt to evade or defeat tax.  Title 26 U.S.C. § 7206(2) makes it unlawful to willfully aid or assist in making fraudulent or false statements.  Title 26 U.S.C. § 7212(a) makes it unlawful to attempt to interfere with the administration of internal revenue laws.  Title 26 U.S.C. § 7213(a)(1) makes it unlawful to willfully disclose any return or return information.  Title 26 U.S.C. § 7214(a) makes certain conduct by IRS agents unlawful.

There is no authority for the proposition that Plaintiff can bring a civil cause of action based on these criminal statutes.  In fact, in the complaint Plaintiff appears to recognize that he cannot proceed under these criminal statutes and admits he included them in the complaint only to notify the proper officials.  In the complaint, Plaintiff states that he "seeks and defers" these "offenses or violations to be initiated and conducted by the property governmental and/or agency(ies) . . . ."  Because there is no basis for maintaining Plaintiff's claims against any Defendant under the criminal statutes, these claims must be dismissed.

**D. Eighth Cause of Action Brought Under 26 U.S.C. § 7804(b)**

Plaintiff's eighth cause of action is brought under section 7804(b).  Section 7804 concerns the appointment and supervision of IRS employees.  Subsection (b) concerns duty posts and subsection (c) concerns delinquent IRS employees who fail to account and pay

12

money and property collected.  It appears Plaintiff's cite to this section, as with the prior criminal sections, is an attempt to request the IRS and/or IRS Commissioner take some employment action against Defendant Reece.  As there is no authority for a private cause of action on this theory, this cause of action must be dismissed.

**E. Service of Defendant Reese**

Defendant Reese contends this action must be dismissed as to him because he was never properly served.  As discussed above, the plaintiff bears the burden of establishing the validity of service of process.  See, e.g., Norlock, 768 F.2d at 656;  Bell, 1995 WL 783675.  Because Plaintiff did not oppose the motion to dismiss, Plaintiff has not set forth argument or evidence showing that Defendant Reese was properly served.  As such, the court has reviewed the case file.  In the case file is a summons for Defendant Reece.  The summons reveals that on December 8, 2000, a copy of the summons was left at the front counter at the IRS Modesto Office because Reece would not come to the front office.  Two other attempts at personal service were made on December 7, 2000.

Rule 4(e)(2) of the Federal Rules of Civil Procedure provides that service can be effected by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age . . . or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  Rule 4(e)(1) also allows service to be accomplished under the laws of the state in which the district is located.  Under California law, if personal service cannot reasonably be done, a copy of the summons and complaint can be left at house, usual place of abode, usual place of business, or usual mailing address of the person to be served in the presence of a competent member of the household or person apparently in charge of the office or place of business and whom is over 18 years of age and is informed of the contents.  Cal. Civ. Pro. Code § 415.20.  If service is done by this manner, the person to be served must then be mailed a copy of the

1    summons and the complaint.  Id.  Service is deemed complete on the tenth day after mailing.

2    Id.

3        In this case, a summons and copy of the complaint were left at Defendant Reece's

4    place of business.  There is no evidence that the person given the summons and copy of the

5    complaint was an agent of Defendant Reece.  As such, it appears Plaintiff was attempting to

6    effectuate service under California Civil Procedure Code § 415.20(b).  However, there is no

7    evidence or argument before the court that after leaving the summons and copy of the

8    complaint at Defendant Reece's place of employment, Defendant Reece was also mailed the

9    summons and copy of the complaint.  Without such evidence and because Plaintiff bears the

10   burden of showing proper service, service as to Defendant Reece was improper.

11       If a court finds service improper and grants a motion under Rule 12(b)(5), the court has

12   the option of dismissing the action without prejudice or quashing service.  See Montalbano v.

13   Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985); Schlafly v. Public Key Partners,

14   NO. CIV. 94-20512 SW, 1994 WL 669858 (N.D.Cal. 1994).  Because this action is subject to

15   dismissal for the reasons discussed above, the court will dismiss the action without prejudice

16   rather than merely quash service.

17   **F.  Other Possible Causes of Action Against Defendant United States and Defendant**

18   **Reese**

19       While not specifically mentioned in the complaint, it is possible Plaintiff is also

20   seeking damages for some type of tort, such as fraud, against the United States and Defendant

21   Reese.  The Federal Tort Claims Act ("FTCA")provides the exclusive remedy for "injury or

22   loss of property, or personal injury or death arising or resulting from the negligent or wrongful

23   act of omission of any employee of the Government while acting within the scope of his office

24   or employment . . . ."  28 U.S.C. § 2679(b)(1).  Like section 7433 discussed above, the FTCA

25   bars claimants from seeking damages against the United States in federal court until they have

26   exhausted their administrative remedies.  28 U.S.C. § 2675(a); McNeil v. United States, 508

27

28                                              14

U.S. 106, 113 (1993); <u>Jerves v. United States</u>, 966 F.2d 517, 518-19 (9th Cir.1992).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and must be strictly adhered to. <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000).

As discussed above, Plaintiff failed to file an administrative claim prior to initiating this action. As such, Plaintiff cannot proceed with any tort claims in this action.

**G. Remaining Causes of Action Against Defendant Jolyn Valladares**

The complaint also appears to allege various fraud claims against Defendant Jolyn Valladares. Plaintiff's allegations against Defendant Jolyn Valladares appears to concern possible representations that Defendant Jolyn Valladares made to the IRS, the state court, and Plaintiff's employer. As Defendants United States and Reece point out in their motion to dismiss, once the federal causes of action and federal Defendants are dismissed, the only remaining causes of action are for state law violations. As such, Defendants United States and Reece request the court not exercise jurisdiction.

This court had jurisdiction over the federal claims and claims against the United States under 28 U.S.C. § 1331 and 28 U.S.C. § 1346. The court had supplemental jurisdiction over any implied state law claims under 28 U.S.C. § 1367. However, by dismissing the causes of action against the United States and Reece and dismissing all of the federal causes of action, as discussed above, the only claims possibly remaining in this action are those over which the court has supplemental jurisdiction.

"[P]endant jurisdiction is a doctrine of discretion not of plaintiff's right. Its

15

justification lies in considerations of judicial economy, convenience and fairness to the litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Currently there remains no independent basis for federal jurisdiction. The court will decline to exercise supplemental jurisdiction over any remaining state claims because the federal claims are subject to dismissal before trial. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988); Gibbs, 383 U.S. at 726.

**ORDER**

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED. This action is DISMISSED WITHOUT PREJUDICE.

DATED: ___April 30___ 2001                      ANTHONY W. ISHII
                                                UNITED STATES DISTRICT JUDGE

16

United States District Court
for the
Eastern District of California
May 2, 2001


* * CERTIFICATE OF SERVICE * *


1:00-cv-07041


Valladares

    v.

IRS

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  May 2, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

                                                    AWI SMS

        Peter Valladares
        P O Box 4032
        Modesto, CA  95352

        G Patrick Jennings
        United States Department of Justice
        Tax Division
        PO Box 683
        Ben Franklin Station
        Washington, DC  20044-0683

        Jolyn Valladares
        512 Longfellow
        Modesto, CA  95351



                                        Jack L. Wagner, Clerk

                                    BY: _____
                                        Deputy Clerk